RECEIVED

AUG 25 2017

BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DERRICK HOWARD, (Individual
Capacity),

        Plaintiff,

and

DERRICK HOWARD, As Assignee of
Dissolved BIS Investments,
Limited Liability Company,

        Plaintiff,

v.

DAVID JAY BERNSTEIN, Individual
and Official Capacity)
Serve At: 660 E. Hillsboro Blvd.
Suite # 106
Deerfield Beach, FL 33441

and

JAMES Murphy, (Individual and
Official Capacity)
Serve At: 660 E. Hillsboro Blvd.
Suite #106
Deerfield Beach, FL 33441

PERRY ORLANDO, (Individual and
Official Capacity)
Serve At: 660 E. Hillsboro Blvd.
Suite #106
Deerfield Beach, FL 33441

Case No:_____

-1-

DAVID JAY BERNSTEIN, P.A.              )
Serve At: 660 E. Hillsboro Blvd.      )
Suite # 106                           )
Deerfield Beach, FL 33441             )
                                      )
and                                   )
                                      )
BERSTEIN & WEINTRAUB                  )
Serve At: 660 E. Hillsboro Blvd.      )
Suite # 106                           )
Deerfield Beach, FL 33441             )
                                      )
and                                   )
                                      )
FEDERAL LAW CENTER                    )
Serve At: 660 E. Hillsoboro Blvd.     )
Suite #106                            )
Deerfield Beach, FL 33441             )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )

-2-

**COMPLAINT WITH JURY DEMAND**

Comes Now Derrick Howard, As Assignee of Dissolved BIS Investments, Limited Liability Company, ("hereafter Assignee/ BIS") pro se and Derrick Howard in his Individual Capacity pro se and respectfully files this Complaint and request a jury trial on all of his causes of action raised herein.

**JURISDICTION and VENUE**

1.) Jurisdiction in this matter is founded on 28 U.S.C. § 1332 Diversity of Citizenship, in that the Plaintiff and Defendants are "citizens of different states" pursuant to 28 U.S.C. § 1332(a)(1). The Plaintiff Derrick Howard, Assignee of Dissolved BIS Investments, Limited Liability Company is and was a Limited Liability Company, registered, and with its principal place of business in the State of Missouri. 28 U.S.C. § 1332(c)(1) provides, in pertinet part, that "a corporation shall be deemed to be a citizen of any State where it has its principal place of business..."

Derrick Howard is an individual and the Registered Agent of BIS Investments, LLC and the Assignee of Interest. Who prior to filing this action was domiciled in the State of Missouri. Therefore for purposes of this cause of action shall be deemed a citizen of the State of Missouri.

James Murphy is an individual who is domiciled in the State of Florida. Therefore for purposes of this cause of action

-3-

James Murphy shall be deemed to be a citizen of the State of Florida.

Perry Orlando is an individual who is domiciled in the State of Florida. Therefore for purposes of this cause of action Perry Orlando shall be deemed to be a citizen of the State of Florida.

David Jay Bernstein is an individual who is domiciled in the State of Florida. David Jay Berstein also is an Attorney who is licensed to practice law in the State of Florida and a member of the Florida bar association. Therefore for purposes of this cause of action he shall be deemed to be a citizen of the State of Florida.

Bernstein & Associates, P.A. is and/or was a law firm incorporated and domiciled in the State of Florida. Which David Jay Bernstein acted in his individual and official capacity as the authorized agent and/or managing partner. Therefore, for purposes of this cause of action shall be deemed to be a citizen of the State of Florida. As it maintained its principal place of business in the State of Florida.

Berstein & Weintraub is a law firm incorporated in the State of Florida. Who's principal place of business is or was located in the State of Florida. Therefore, for purposes of this cause of action shall be deemed to be a citizen of the State of Florida.

-4-

Federal Legal Center is a law firm incorporated in the State of Florida. Which maintained it's principal place of business in the State of Florida and was incorporated under the laws of the State of Florida. Therefore, for purposes of this cause of action shall be deemed to be a citizen of the State of Florida.

**VENUE**

The proper Venue is the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(1) " insomuch as a substantial part of the events or ommissions giving rise to the claim occurred..." in the United States District Court Eastern District.

**STANDING**

Derrick Howard has standing based on Missouri law As the Assignee of Dissolved BIS Investments, Limited Liability Company. BIS Investments, LLC has assigned all of its interests and rights, including the claims in this lawsuit to Derrick Howard. See: Mo. Rev. Stat. § 351.476

Missouri law does, however allow a dissolved corporation to assign its claims to a third-party. See: Smith v. Taylor-Morley, Inc., 929 S.W. 2d 918 (Mo. Ct. App. 1996)(upholding dissolved corporation's written assignment of rights to a purchase contract). The assignee may sue to recover damages for the dissolved corporation's claims Id. (holding assignee of dissolved corporation's rights under a purchase contract could sue for injuries to dissolved corporation for breach of the purchase

contract). Here, Plaintiff Derrick Howard is the assignee of
of interest and all rights previously held by BIS Investments,
LLC. including the claims in this lawsuit. Therefore, Plaintiff
Derrick Howard, As Assignee of Dissolved BIS Investments, LLC,
has sufficiently plead and established he has standing under
Missouri law. Which is the law that governs this diversity
cause of action.

Plaintiff Derrick Howard in his individual capacity and
as Derrick Howard, As Assignee of Dissolved BIS Investments,
Limited Liability Company. Has sufficiently plead that this
court has subject matter jurisdiction over this action. Pursuant
to 28 U.S.C. § 1322 Diversity of Citizenship in that the
Plaintiff and Defendants are "citizens of different states"
pursuant to 28 U.S.C. § 1332(a)(1). The amount of controversy
is in excess of $75,000.00 thus satisfying 28 U.S.C. § 1332
and hereby invokes this courts subject matter jurisdiction.

Plaintiff Derrick Howard in his individual capacity and
as assignee has sufficiently plead that the proper venue for
this cause of action is the Eastern District of Missouri.

Plaintiff Derrick Howard in his individual capacity and
as assignee has sufficiently plead that he has standing. To
bring this action pursuant to Missouri law. Therefore this
Court has subject matter jurisdiction. This Court is the proper
venue in which to bring this cause of action. Plaintiff has
standing under Missouri law to bring this action.

1

2                              **PARTIES**

3        2.) Plaintiff Derrick Howard, As Assignee of Dissolved

4   BIS Investments, Limited Liability Company (hereafter "Assignee/

5   BIS") is and remains at all relevant times, a Limited Liability

6   Company registered, and with its principal place of business,

7   in the State of Missouri.

8        3.) Derrick Howard in his individual and official capacity

9   is an individual previously domiciled in the State of Missouri.

10  Therefore he is deemed to be a citizen of the State of Missouri

11  for purposes of this cause of action.

12       4.) Defendant David Jay Bernstein in his individual and

13  official capacity is and was at all relevant times an Attorney

14  licensed to practice law in the State of Florida. Who's domiciled

15  in the State of Florida. Therefore he is deemed to be a citizen

16  of the State of Florida for purposes of this cause of action.

17       5. ) James Murphy in his individual and official capacity

18  is a paralegal and employee of Attorney David Jay Berstein and

19  David Jay Berstein, P.A. and Berstein & Weintraub, and Federal

20  Law Center. Who is domiciled in the State of Florida. Therefore

21  he is deemed to be a citizen of the State of Florida for purposes

22  of this cause of action.

23       6.) Perry Orlando in his individual and official capacity

24  is a paralegal and employee of David Jay Bernstein, and David

25  Jay Bernstein, P.A., and Bernstein & Weintraub, and Federal

26  Law Center. Who is domiciled in the State of Florida.

27

28                              -7-

Therefore he is deemed to be a citizen of the State of Florida for purposes of this cause of action.

7.) David Jay Bernstein, P.A. is a corporation incorporated in the State of Florida who principal place of business is in the State of Florida. Therefore for purposes of this cause of action is deemed a citizen of the State of Florida.

8.) Bernstein & Weintraub is a corporation incorporated in the State of Florida. Who maintianed its principal place of business in the State of Florida. Therefore for purposes of this cause of action is deemed to be a citizen of the State of Florida.

9.) Federal Law Center is a corporation incorporated in the State of Florida. Who maintained its principal place of business in the State of Florida. Therefore for purposes of this cause of action is deemed to be a citizen of the state of Florida.

### STATEMENT OF FACTUAL ALLEGATIONS

10.) Derrick Howard acting pro se in his individual capacity and as Assignee of Dissolved BIS Investments, Limited Liability Company filed a complaint for damages against Bank of America, NA and several other defendants. That complaint was filed in the United States District Court West Virginia Southern District. That complaint was assigned Case No: 2:10-CV-01354.

-8-

1

2      The December 3, 2010 action filed by Plaintiff Derrick
3  Howard was an action against Bank of America, ("BOA") and numerous
4  defendants, asserting claims that BIS funds were misappropriated
5  from BIS bank accounts held at BOA. BIS Investments, L.L.C.,
6  is a Limited Liability Company. Derrick Howard was at all relevant
7  times the sole shareholder, manager, and agent. Additionally
8  Derrick Howard was at all relevant times the sole source of
9  the operating capital that initially funded any and all BIS
10  ventures. BIS maintained four (4) different accounts with BOA,
11  ending in 3425, 3774, 2646 and 9879. BIS account 2646 contained
12  approximately $240,000.00, which Kimberly Haskins fraudulently
13  and unlawfully removed on January 4, 2005 in two separate
14  transaction. These fraudulent and unauthorized withdrawals
15  were witnessed and authorized by BOA Manager Kassandra Hodge.
16  Haskins then deposited the money into a Commerce Bank Account
17  Registered under the name "Derf Inc.," BOA Bank Manager Bryan
18  Evans became aware of the transactions, and contacted Haskins
19  and Commerce Bank. Commerce Bank and BOA Bank Manager Bryan
20  Evans mutually agreed that the funds would be deposited into
21  the Derf Inc., account and a hold would be placed on those
22  funds in the Derf Inc., account. The funds would then be returned
23  to BOA and deposited into BIS Account 2646 held at BOA. However,
24  when the funds were returned from Commerce Bank. BOA erroneously
25  deposited the funds into account 9879 which Kimberly Haskins
26  had access and maintained complete control of account 9879.

27

28                          -9-

1

2  The 9879 account should have been closed by BOA  was  not closed
3  by BOA as instructed and agreed upon. BIS via Derrick Howard
4  and attorneys for BIS repeatedly informed BOA that Kimberly
5  Haskins  was not authorized to transact business on any of
6  BIS accounts. Which prompted Plaintiff to file numerous lawsuits
7  in regards to the above-mentioned fraudulent and unauthorized
8  withdrawals of funds belonging to BIS from BOA.

9      Complaint 4:10-CV-02365-CDP was the third suit filed by
10  BIS and Derrick Howard regarding the above-mentioned funds
11  and the fraudulent and unauthorized withdrawals of BIS funds
12  from BOA. On March 19, 2009 BIS and Howard filed suit in Missouri
13  State Court alleging breach of fiduciary duty against BOA and
14  imberly Haskins. The claims against BOA were dismissed on
15  May 24, 2010 and the entire case was dismissed on November
16  18, 2010. On December 3, 2010, BIS and Howard re-filed suit
17  invoking the Missouri Saving Clause § 516.230 that suit was
18  filed in the United States District Court for the Southern
19  District of West Virgina, Case No: 2:10-CV-01354. That suit
20  was titled BIS Investments, L.L.C., v. Bank of America, NA,
21  Nine other defendants alleging thirteen (13) different counts.
22  (Case No: 2:10-CV-01354). That case was subsequently transferred
23  to the United States District Court for the Eastern District
24  of Missouri Eastern Division. That case was assigned Case No:
25  4:10-CV-02365-CDP. See: Attached Dkt. for complete history
26  hereby attached as Exhibit "A"

27

-10-

28

11.) On or about 12/10/201 the United States District Court W. Virginia Southern District (DK # 4) entered an order directing Case No: 2:10-CV-01354 be transferred to the United States Dist. Court for the Eastern District of Missouri.

12.) On or about 12/21/2010 a complaint letter was created and a United States District Court for the Eastern District of Missouri case number was assigned to the cause of action (4:10-CV-02365-CDP).

13.) On or about 1/19/2011 (DK #7) an entry of appearance was filed by Christopher M. Hohn as counsel of record for Bank of America, N.A., ("BOA") and Elouise Goodum.

14.) On or about 1/24/2011 the United States District Court for the Eastern District of Missouri Honorable Judge Catherine D. Perry Struck BIS Investments, L.L.C., as a party-plaintiff. See: Docket Entry # 11)

14.) On or about 2/07/2011 Dk# 14 Motion to Dismiss for Lack of Jurisdiction was filed by BOA and Goodum. (Guletz, Matthew) Counsel of record for the defendant's.

16.) On or about 2/25/2011 Dk # 22 Entry of Appearance (Sugg, Deron) on behalf of Santos Albright and Stephenson Elec.

17.) On or about 2/25/11 DK# 23 Motion to Dismiss for Lack of Jurisdiction filed by Santos Albright and Stephenson Elec. by counsel of record (Sugg, Deron). See: Exhibit "A" Dkt Case # 4:10-cv-02365-CDP

-11-

18.) On or about 2/28/2011 Motion for Leave to Amend pursuant to Fed. R. Civ. P. 15(a)(1)  filed by Plaintiff a pro se filing entered on Docket Sheet at 26.

19.) On or about 2/28/2011 (DK # 27) Plaintiff filed a pro se Motion for Extension of Time to file a response to the defendants motions to dismiss for lack of jurisdiction.

20.) On or about 4/07/2011 (DK# 54) Motion for Leave to Appear Pro Hac Vice was filed by David Jay Bernstein.

21.) On or about 4/07/2011 Motion for Extension of Time to File Response/Reply or any further pleading; (DK# 55) was filed by David Jay Bernstein . Proposed extension date to file response was May 22, 2011.

22.) On April 8, 2011 Receipt 4644020929 in the amount of $100.00 for Pro Hac Vice on behalf of David Jay Bernstein was entered on 4/09/2011).

23.) On April 12, 2011 (DK# 56) Motion for Leave to Appear Pro Hac Vice by David Jay Bernstein was granted.

24.) On June 2, 2011 Honorable Judge Catherine D. Perry entered an order to Show Cause that stated: (It is hereby ordered that, no later than Friday, June 10, 2011, plaintiff, through counsel, must show cause in writing why I should not dismiss his case for the reasons stated in defendants motions to dismiss. (Show Cause Response due by June 10, 2011).

-12-

25.) On June 10, 2011 (DK# 59) David Jay Bernstein filed an erroneous and negligent and a deficient Motion to Dismiss Complaint. Which was clearly Legal Malpractice.

26.) On June 15, 2011 (DK#60) BOA counsel of record filed a Memorandum in Opposition re 59 Motion to Dismiss filed by David Jay Bernstein.

27.) On June 28, 2011 (DK# 61) the Court entered a Memorandum and Order: It is Hereby Ordered that plaintiff Derrick Howard's motion for leave to dismiss is construed as a notice of voluntary dismissal under Rule 41(a)(1), and this case is dismissed without prejudice pursuant to notice. Signed by Honorable Catherine D. Perry on 6/28/2011. (KMS)(Entered: 06/28/2011)

### CAUSE OF ACTION

The Plaintiff Alleges And Charges As Follows:

1.) Breach of Fiduciary Duty

A Fiduciary relationship existed between Plaintiff Derrick Howard in his individual capacity and as Assignee of Dissolved BIS Investments, L.L.C., as BIS Investments, L.L.C., has assigned its interest to Derrick Howard. David Jay Bernstein in his indiviual and official capacity owed a Fiduciary Duty to BIS. James Murphy in his individual and official capacity owed a Fiduciary Duty to BIS and Derrick Howard. Perry Orlando in his individual and official capacity owed a Fiduciary Duty to BIS and Derrick Howard. David Jay Bernstein, P.A. owed a Fiduciay Duty to BIS and Derrick Howard. Berstein & Weintraub owed a Fiduciary Duty

-13-

to BIS and Derrick Howard. Federal Law Center owed a Fiduciary
Duty to BIS and Derrick Howard and James Murphy owed a Fiduciary
Duty to Derrick Howard.

The above-mentioned defendants breached their Fiduciary Duty
owed to Plaintiff's Derrick Howard and Derrick Howard, As Assignee
of Dissolved BIS Investments. Limited Liability Company. The
defendants failed to properly protect the Plaintiff's legal
interest. When they provided negligent and ineffective and
deficient legal research regarding Missouri law. Specifically
Missouri Statute of Limitations and the Missouri Saving Clause
§ 516.230. Defendants failed to exercise the degree of skill
and diligence ordinarily used under the same or similar
circumstances by members of the legal profession. **"Thiel v.**
**Miller**, 164 S.W. 3d 76, 82, (Mo. App. 2005); See: **Steward**
**v. Goetz**, 945 S.W. 2d 520, 531 (Mo. App. 1997).

The above-mentioned defendant's further breached their
Fiduciary Duties owed to Plaintiff's when they negligently
researched and filed the Motion for Voluntary Dismissal Without
Prejudice in Case No: 4:10-CV-02365-CDP. Which ultimately rendered
Plaintiff's claims in Case No: 4:12-CV-00195 untimely and outside
the Missouri 5 year Statute of Limitations. As Plaintiff had
already invoked the Missouri Saving Clause § 516-230. When
Plaintiff's filed the United States District Court for the
Southern District of W. Virginia suit bearing Case No: 2:10-
CV-01354. See; Exhibit "B" Motion for Voluntary Dismissal

-14-

to the Courts June 2, 2011 Show Cause Order. That response
was due no later than Friday, June 10, 2011. In which the court
clearly stated in that order " plaintiff, through counsel,
must show casue in writing why I should not dismiss his case
for the reasons stated in defendants motion to dismiss." The
defendant's failed to properly respond. Defendant's filed a
motion to voluntarily dismiss without prejudice. Negligently
believing that they could re-file the lawsuit by invoking the
Missouri Savings Clause § 516.230 which Plaintiff had already
invoked  and could not invoke a second time. Plaintiff made
this  absolutely clear to the defendants. However, defendant's
negligently filed it's motion to dismiss without consulting
with plaintiff. After repeated instructions from plaintiff
not to dismiss his lawsuit and refile it. Therefore plaintiff's
injuries was proximately caused by defendant's failure. See:
**Smith v. Dewitt & Assocs., Inc.,** 279 S.W. 3d 220, 224 (Mo.
Ct. App. 2009) "a duty of care arises out of circumstances
in which there is a foreseeable likelihood that particular
acts or omissions will cause harm or injury, " AND "[t]he scope
of that duty is measured by whether a reasonably prudent person
would have anticipated danger and provided against it." Id.
(Citations Omitted) As a direct result of the duty owed to
Plaintiff and Defendant's failure to protect Plaintiff. Defendants
David Jay Bernstein (Individually and Officially) and James
Murphy, Perry Orlando had a legal duty to protect Plaintiff
See: Exhibits "A", "B", and "C" (Show Cause Order) 4:10-cv-02365 CDP
-16-

from injury but failed to do so. David Jay Bernstein failed
to properly supervise and train James Murphy and Perry Orlando.
All of the defendant's acted negligently and failed to exercise
the degree of skill and diligence used under the same or similar
circumstances by members of the legal profession. Which resulted
in the negligence of each and every defendant named in this
complaint. That negligence caused Plaintiff to be injured and
caused plaintiff to sustain monetary damages that are not yet
fully ascertained but are reasonably believed to be in excess
of $240,000.00 dollars. But for defendant's negligent conduct
the plaintiff's cause of action in 4:10-CV-02356-CDP and 4:12-
CV-00195-CDP would have been successful in the defense of its
underlying claim(s) in both BIS v. BOA Case No: 4:10-CV-02365-
CDP and 4:12-CV-00195-CDP. See: Exhibits "A", "B", "C"

### 3.) Legal Malpractice

The Plaintiff and Defendant's had an attorney-cleint
relationship which existed in both Case No's: 4:10-CV-02365-CDP
and 4:12-CV-00195-CDP. Defendant's acted negligently and breached
the duties and legal obligations owed to Plaintiff. Specifically
when the defendant's in Case No. 4:10-CV-02365-CDP failed to
properly respond to the June 2, 2011 Show Cause Order. In Case
No: 4:10-CV-02365 CDP defendant's filed a motion to voluntarily
dismiss without prejudice. When they should have filed a motion
seeking leave of the court to amend the petition pursuant to
Fed. R. Civ. P. 15(a)(2). See: Dkt. # 59 Exhibit "A"

-17-

Defendant's acts and or omissions in responding to the June 2, 2011 Show Cause Order in Case No: 4:10-CV-0235-CDP was clearly the proximate cause of Plaintiff's injuries. The defendant's erroneously and negligently and in breach of of its legal obligations and duties caused plaintiff injuries. When they filed the motion for voluntary dismissal instead of seeking leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

Had the defendant's not filed the motion for voluntary dismissal without prejudice in Case No: 4:10-Cv-02365-CDP on June 10, 2011. Plaintiff's would have been successful in the defense and prosecuting of its underlying claims in 4:12-CV-00195.

Defendant's acted negligently and failed to exercise the degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession.

Plaintiff vehemently urged and instructed defendant's to move the court to grant leave to amend his inartfully plead pro se complaint pursuant to Fed. R. Civ. P. 15(a)(2). Defendant's continued to ignore plaintiff's constant and persistent pleas and instructions not to file the motion for voluntary dismissal without prejudice. Plaintiff repeatedly informed the defendant's that he had already invoked the Missouri Saving Clause, ( § 516.230) which provides that "if any action shall have been commenced within the times respectively prescribed... and the Plaintiff suffer a nonsuit... such Plaintiff may commence a new action from time to time, within one year after such nonsuit suffered. " § Mo. Rev. Stat. § 516.230.

-18-

To establis a claim of negligence under Missouri law, a plaintiff must show, among other things, the existence of a legal duty and a breach by the defendant of that duty. Clearly the docket sheet in 4:10-cv-02365-CDP and 4:10-cv-00195 has clearly established and shown the existence of a legal duty owed to Plaintiff by the defendant's. See: Exhibit's "A" and "B" , "C", "D", "E", "F", "G", "H", "I", "J"

Defendant's breached the legal duty owed to Plaintiff when they filed the motion for voluntary dismissal without prejudice instead of seeking leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). See; Exhibit " B " Copy of Motion for Voluntary Dismissal.

Missouri law also provides that in cases of professional negligence, the specific duty is defined by the profession, itself; thus, an expert witness is generally necessary to tell the jury what the defendant should or should not have done. Under the particular circumstances of the case whether the doing of that act or the failure to do that act violated the standards of care of the profession (and, thus constituted negligence). The negligent act, therefore, is the act or failure to act, the standards for which must be presented by an expert. Expert testimony also is required in actions alleging **legal malpractice**. To establisj that an attorney was negligent, a plaintiff must show that he failed to exercise that degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession. There are exceptions to this rule. Expert testimony is not required if the negligence in question

-19-

is clear and palpable to a jury of layman. A claim of **legal**

**malpractice** would not require expert testimony if, for example,

a lawyer failed to file a claim within the **statute of limitations**

or allowed some other time limit to pass. See: Exhibit "G"

Plaintiff has sufficiently plead his claims for legal malpractice

in this petition. It is clear that a jury of layman could and

would determine that defendant's negligence and fraudulent

misrepresentaion regarding the Missouri Savings Clause § 516.230

constitutes legal malpractice as defined under Missouri law.

Plaintiff has sufficiently plead his claims for breach

of fiduciary duty under Missouri law. A jury of layman could

and would determine that defendant's did in fact breach the

legal duties owed to Plaintiff under Missouri law.

Plaintiff has sufficiently plead his claims for negligence

under Missouri law. A jury of layman could and would determine

that defendant's in fact were negligent in its duty to protect

Plaintiff form injury. See: Exhibit "G" Memorandum and Order

Plaintiff has sufficiently plead his claims for fraudulent

misrepresentation under Missouri law. A jury of layman could

and would determine that defendant's did in fact fraudulently

misrepresented the Missouri Savings Clause § 516.230. Specifically

the numer of times it could be invoked after a non-suit.

Plaintiff has sufficiently plead that defendant's are clearly

liable for monetary damages that Plaintiff sustained as a direct

result of defendant's negligence and legal malpractice. Which

clearly and consequently and proximately caused injury.

-20-

1

2       Plaintiff informed the defendant's numerous times that

3  a Plaintiff may recieve the benefit of the saving clause only

4  once. Plaintiff even provided defendants with relevant and

5  binding Missouri case law **Heintz v. Swimmer** , 922 S.W. 2d 772,

6  776 (Mo. Ct. App. 1996). Defendant's ignored Plaintiff's constant

7  and persistent pleas not to dismiss his action. Stating he had

8  already invoked the Missouri Saving Clause § 516.230. Therefore,

9  dismissing his cause of action would render his claims time

10  barred by the Missouri five (5) year Statute of Limitations.

11  Plaintiff's pleas fell upon dear ears as defendant's moved

12  forward with their decision to file the motion for voluntary

13  dismissal without prejudice. Acting in a negligent manner and in

14  total disregard for establised Missouir case law. Which is clearly

15  a deliberate act of legal malpractice on behalf of each and

16  every defendant named in this cause of action. Defendant's

17  did not consult with the Plaintiff prior to filing it's motion

18  for voluntary dismissal without prejudice. Defendant's failed

19  to exercise the degree of skill and diligence ordinarily used

20  under the same or similar circumstances by members of the legal

21  profession. See: Exhibits "A", "B" Motion for Voluntary Dismissal

22     4.) Fraudulent Misrepresentation

23       A claim for fraudulent **Misrepresentation Under Missouri**

24  **law** requires proof of the following elements: "(1) a representation;

25  (2) its falsity; (3) its materiality; (4) the speaker's knowledge

26  of its falsity or ignorance ot its truth; (5) the speaker's

27  intent that it should be acted on by the person in the manner

28                -21-

reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and promimately caused injury."

Defendant's made a representation to Plaintiff that he could in fact invoke the Missouri Savings Clause § 516.230 more than once if he suffered a non-suit. That representation turned out to false and clearly not supported by Missouri case law. That false representation was clearly relevant and material as to the Missouri Statute of Limitations regarding Plaintiff's claims. The speaker being the defendant's knowledge of the falsity or ignorance of its truth. The misrepresentation that Plaintiff could invoke the Missouri Savings Clause § 516.230 and re-file his cause of action after filing the motion for voluntary dismissal without prejudice. The defendant's, (speaker) intented that this misrepresentation should be and would be acted on by the Plaintiff in the manner reasonably contemplated. Plaintiff being the hearer of this misrepresentaion and a pro se litigant was ignorant of the falsity of the defendant's misrepresentation that he could in fact invoke the Missouri's Saving Clause § 516.230 more than once if he suffered a non-suit. Which would have enabled Plaintiff to re-file his cause of action. Plaintiff being the hearer and defendant's being trained legal professionals clearly relied on the representation as being true. Being that Plaintiff was a layman with no formal training in the law.

-22-

Plaintiff being the hearer of this fraudulent misrepresentation

that he could in fact invoke the Missouri Savings Clause § 516.230

more than once if he sufferred a non-suit. The Plaintiff was

clearly within his right as a client of the defendant's to rely

on the fraudulent misrepresentation made by the defendnat's.

Plaintiff being the hearer of this fraudulent misrepresentation

has consequently and proxitedly sustained monetary damages as

a direct result of the defendant's fruadulent misrepresentation.

Thefore, the hearer's consequently and proximately caused injury

was and remains the defendant's fraudulent misrepresentaion

that Plaintiff could in fact invoke the Missouri Savings Clause

§ 516.230 and refile his cause of action. However, that was

clearly not the case as the court dismissed the refiled complaint

as being time barred by Missouri Statute of Limitations. Which

is (5) years from the date Plaintiff could have reasonably

discovered and or ascertained his dmamges and rght to sue to

recover those dmamges. See: Exhibit "A" Dkt Sheet 4:10-αv-02365-CDP

Exhibit "B" Motion for Voluntary Dismissal Without Prejudice,

Exhibit "C"Order to Show Cause 4:10-cv-02365-CDP, Exhibit "D"

Order and Memorandum (Granting Motion for Voluntary Dismissal),

Exhibit "E" Refiled Complaint Case No: 4:12-cv-00195-CDP,

Exhibit "F" Dkt Sheet 4:12-cv-00195-CDP, Exhibit "G" Memorandum

and Order 4:12-cv-00195-CDP (Dismissal), Exhibit "H" Order of

Dismissal 4:12-cv-00195-CDP, Exhibit "I" U.S. Court of Appeals for

the Eighth Circuit No. 12-2452 Opinion BIS Investments, LLC, v.

Bank of America, Exhibit "J" U.S. Court of Appeals for the Eighth

Circuit Judgment.

## CONCLUSION / REQUEST FOR DAMAGES

1

2      WHEREFORE, Plaintiff's Derrick Howard in his Individual

3 Capacity  and  Official Capacity Derrick Howard, As Assignee of

4 Dissolved BIS Investments, Limited Liability Company, prays

5 this Honorable Court find in favor of the Plaintiff's in each

6 and every count contained in this complaint / cause of action.

7 Specifically in each of the above counts, in the individual

8 and official capacities of each and every defendant named in

9 this complaint. Holding the defendant's individually and or

10 collectively and in their official capacities liable for an

11 award of compensatory and punitive damages and interest to

12 the Plaintiff's. Damages which are not yet fully ascertained

13 but are reasonably believed to be in excess of Two Hundred

14 and Sixty Thousand Dollars, ($260,000.00).  As well as interest

15 to be calculated by this Honorable Court as reasonable compensation.

16 Further moving this Honorable Court to enter a ruling that

17 the above acts and or omissions were the cause of Plaintiff's

18 damages and were done intentionally, and fraudulently, and

19 with gross indifference to the rights of the Plaintiff's. As

20 well as a breach of defendant's legal duties and obligations

21 owed to the Plaintiff's.

22                          Respectfully Submitted, pro se

23                          _Derrick Howard_

24                          Derrick Howard, Individually and
                            Derrick Howard, As Assignee of
                            Dissolved BIS Investments, Limited
25                          Liability Company.
                            C/O: Derrick Howard #24997-044
26                          United States Penitentiary Coleman II
                            P.O. Box 1034
27                          Coleman, FL 33521

28
                                   -24-

# CERTIFICATE OF SERVICE

I, <u>Derrick Howard, pro se</u>, do hereby certify under the penalty of perjury (28 USC § 1746) that I have served a true and correct copy of the following document(s):

## COMPLAINT WITH JURY DEMAND

which, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and /or their attorney(s) or record.

I have place the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and I addressed it to:

> United States District Court
> Eastern District of Missouri
> Eastern Division
> 111 S. 10th Street
> St. Louis, Missouri 63102

and deposited said envelope in the United States Postal Service via the legal mailbox here at the United States Penitentiary- on this __5th__ day of __April, 2017__

-25-

FCC Coleman, Florida Sumter County
Subscribed and sworn before me this

5th day of __April__, 20 17

J. Connelly sr. cow

Case Manager
Authorized by the Act of July 7, 1955,
as amended, to administered oaths (18USC 4004.)